```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION
```

**JEREMY DALE REESE**                                              **PLAINTIFF**

v.                        Civil No. 09-5150

**DR. HUSKINS, Benton County**
**Detention Center**                                               **DEFENDANT**

### O R D E R

Now on this 28th day of March, 2011, comes on for consideration the **Report and Recommendation of the Magistrate Judge** (document #83) entered by United States Magistrate Judge Marschewski in this matter, **Defendant's Partial Objection to Report and Recommendation of the Honorable Magistrate Judge** (document #84), and the objections to the Report and Recommendation of Jeremy Dale Reese (documents #85 & 86). The Court, having carefully reviewed said Report and Recommendation (hereinafter "R & R") as well as the objections thereto, finds as follows:

1. Plaintiff Jeremy Dale Reese filed this civil rights case pursuant to the provisions of 42 U.S.C. § 1983. Reese maintains that his constitutional rights were violated when he was incarcerated at the Benton County Detention Center. Specifically he alleges that his constitutional rights were violated when: (1) he was denied adequate medical care and needed supplies; (2) he was retaliated against; (3) he was denied access to the law library; and, (4) his mail was being interfered with.

2.	Separate defendants Dr. John Huskins, Lt. Carter, and Captain Holly filed a motion for summary judgment (document #41). And, Reese responded to the motion.

3.	The R & R now before the Court makes the following recommendations:

(a)	that the motion for summary judgment be granted with respect to plaintiff's retaliation claim;

(b)	that the motion for summary judgment be granted with respect to plaintiff's claim concerning denial of access to the law library/courts;

(c)	that the motion for summary judgment be granted with respect to plaintiff's claim for interference with mail; and

(d)	that the motion for summary judgment be denied with respect to plaintiff's claim that he was denied adequate medical and dental care.

4.	Separate defendant Huskins objected in part to the R&R -- stating that although the R&R indicated the plaintiff's claim that he was denied adequate medical and dental care would continue against separate defendants Lt. Carter and Captain Holly, those defendants were dismissed from this case in an order dated March 24, 2010 (document # 45). This Court agrees and will deny the R&R in part in that regard.

5.	The plaintiff has also filed objections with respect to the R&R. Although the plaintiff objects to any of his claims being dismissed, the plaintiff's objections offer neither law nor fact

requiring departure from the Report and Recommendation and the same should and will be overruled.

  6. In light of the foregoing, the R&R will be approved and adopted as stated:

  * the **defendants' motion for summary judgment (document #41) is granted with respect to plaintiff's claims concerning (1) retaliation, (2) denial of access to the law library/courts; and (3) interference with the mail;**

  * the **defendants' motion for summary judgment (document #41) is denied with respect to plaintiff's claim that he was denied adequate medical care;** and

  * although plaintiff's claim that he was denied adequate medical care will continue against Dr. Huskins, Benton County Detention Center, all claims against separate defendants Lt. Carter and Captain Holly have been previously dismissed.

    **IT IS SO ORDERED.**

              **/s/Jimm Larry Hendren**
              **HON. JIMM LARRY HENDREN**
              **UNITED STATES DISTRICT JUDGE**